### EQUITABLE TRUST CO. OF NEW YORK v. STADLER.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

BILLS AND NOTES (§ 464*)—ACTIONS.

Though the complaint does not set out a copy of the written promise to pay sued on, or designate it as a promissory note, it is sufficient if it sets forth its terms, which are the ordinary terms of a promissory note, so as to make it error to dismiss the complaint, since the trial court should have allowed an amendment, if the complaint was defective for not sufficiently showing that the action was on a negotiable instrument.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1446, 1447–1450; Dec. Dig. § 464.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Equitable Trust Company of New York against Arthur M. Stadler. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

McLear & McLear, of New York City (Herbert G. McLear, of New York City, of counsel), for appellant.

Henry K. Heyman, of New York City, for respondent.

LEHMAN, J. The plaintiff has brought suit upon a written promise to pay. Though it does not set forth a copy of the written promise, nor does it designate it as a promissory note, it does set forth its terms, and these terms are the ordinary terms of a promissory note. If the action is upon a negotiable instrument, and this is fairly inferable from the allegations of the complaint, it was error to dismiss the complaint. Moreover, the trial justice should, in the interests of justice, have allowed an amendment at the trial.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.